UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BERNARION VANLEER**, <br><br> Plaintiff, <br><br> vs. <br><br> **JEFF TANNER, CAPTAIN MCKINNEY, SERGEANT SHELL,** and **SERGEANT BROWN,** <br><br> Defendants. | **2:25-CV-10866-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER OF SUMMARY DISMISSAL** |

## I.   INTRODUCTION

Michigan parolee Bernarion VanLeer[1] ("Plaintiff") filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Complaint was initially filed in the United States District Court for the Western District of Michigan, then transferred to this Court after the Western District granted Plaintiff leave to proceed in forma pauperis and dismissed the Michigan Department of Corrections ("MDOC") and

---

[1]   It appears that since the filing of the Complaint, Plaintiff has been returned to state custody and is currently confined at the Parnall Correctional Facility ("SMT") in Jackson, Michigan. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=474428 (viewed on May 27, 2025).

1

MDOC Director Heidi Washington from the case. ECF No. 2. The Complaint involves events that occurred while Plaintiff was confined at Macomb Correctional Facility ("MRF") in New Haven, Michigan and the Charles Egeler Reception and Guidance Center ("RGC") in Jackson, Michigan. Plaintiff raises claims concerning his medical care, the excessive use of force, retaliation, false arrest and imprisonment and malicious prosecution (seemingly related to parole), and cruel and unusual punishment. Plaintiff names MRF Warden Jeff Tanner, MRF Captain McKinney, and MRF Sergeants Shell and Brown as the Defendants and seeks monetary damages and injunctive relief. ECF No. 1.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an

2

arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's civil rights Complaint in this case is duplicative of his civil rights complaint that is currently pending before this Court in Case No. 25-cv-10861. Federal courts avoid duplicative litigation and generally require a plaintiff to bring all claims arising from a common set of facts in a single lawsuit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). A case is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints need not be identical, they may not "significantly differ" to be considered duplicative. Courts focus on the substance of the complaint. *See, e.g., Bailey v Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint was duplicative even though some defendants differed because it "repeat[ed] the same factual allegations" as prior case).

A complaint that merely repeats pending or previously litigated claims may be dismissed as frivolous or malicious during screening under the PLRA. *See, e.g., McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or

3

previously litigated claims"); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (ruling that it is "malicious" for a plaintiff to file a lawsuit that duplicates allegations of another pending federal lawsuit); *Bailey*, 846 F.2d at 1021 (affirming dismissal of prisoner's civil rights case as duplicative); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, *3–7 (E.D. Mich. July 31, 2006) (Cleland, J.).

In this case, Plaintiff's claims concerning his medical care, the alleged excessive use of force, retaliation, and parole, and three of the Defendants are duplicative (and/or derivative) of those set forth in Plaintiff's prior, pending complaint in Case No. 25-cv-10861. The Court will not entertain a duplicative complaint. *See, e.g., Roden v. Lapham*, No. 22-cv-12831, 2023 WL 36062, at *1 (E.D. Mich. Jan. 4, 2023) (Borman, J.) (dismissing duplicative complaint because "[a] determination in the earlier-filed civil rights action would leave little or nothing to be determined in this action."); *Childress v. Cole*, No. 10-14821, 2011 WL 163429, *3 (E.D. Mich. Jan. 19, 2011) (Rosen, C.J.) (dismissing civil rights complaint in part as duplicative to pending case); *see also Smith v. Hochul*, No. 4:14cv0162, 2014 WL 3748643, *3–4 (N.D. Ohio July 29, 2014) (dismissing federal civil rights case filed in Ohio as duplicative of similar case filed in New York and, alternatively, due to improper venue).

To the extent that Plaintiff seeks to bring additional claims or name additional defendants related to the events giving rise to his initial civil rights complaint, his proper course of action is to move to amend the complaint in the existing case, not to file a new one.

### III.   CONCLUSION

The Court concludes that Plaintiff's civil rights Complaint in this case is duplicative to his pending civil rights complaint in Case No. 25-cv-10861. Accordingly, the Court **DISMISSES** this case as duplicative. This dismissal is without prejudice to the complaint filed in Case No. 25-cv-10861. Plaintiff may move to amend his initial complaint in that case should he deem it necessary to properly set forth any related claims and defendants. The Court makes no determination as to the merits of Plaintiff's claims.

Lastly, the Court concludes that an appeal from the Court's decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED**.

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Dated:   May 27, 2025

5